# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CECIL W. SAMMONS,**

        **Plaintiff,**

**-vs-**                                                                 **Case No. 6:07-cv-277-Orl-19DAB**

**SONIC-NORTH CADILLAC, INC., d/b/a**
**Massey Cadillac,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND STAY LITIGATION OF PLAINTIFF'S COMPLAINT (Doc. No. 16)**
>
> **FILED:**   April 19, 2007
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff Cecil W. Sammons, employed in a position involving various maintenance and security functions at the automobile dealership of Defendant Sonic-North Cadillac, Inc. d/b/a Massey Cadillac, Inc. ("Cadillac"), filed a Complaint asserting claims for unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201. Doc. No. 1. Cadillac filed this Motion To Dismiss

Or, In The Alternative, For Summary Judgment Or, In The Alternative, To Compel Arbitration And Stay Litigation Of Plaintiff's Complaint pursuant to the Federal Arbitration Act[1] on the grounds that Plaintiff has an enforceable Arbitration Agreement requiring the submission of Plaintiff's claims to binding arbitration. Doc. No. 16.

Plaintiff executed with Defendant, purportedly as a condition of his continued employment, an Arbitration Agreement which states in pertinent part:

> I acknowledge that the Company utilizes a system of alternative dispute resolution, which involves binding arbitration to resolve all disputes, which may arise out of the employment context. Because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both the Company and myself, I agree that any claim, dispute, and/or controversy (including, but not limited to, *any claims of discrimination and harassment*, whether they be based on any applicable state, federal or local laws or regulations, including, but not limited to, claims under *Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act, Age Discrimination in Employment Act, Pregnancy Discrimination Act, Family and Medical Leave Act, Employee Retirement Income Security Act)* which would otherwise require or allow resort to any court or other governmental dispute resolution forum between myself and the Company (or its owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans) *arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with the Company,* whether based on tort, contract, statutory, or equitable law, or otherwise [with exceptions for workers compensation and unemployment benefits] shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures published by the American Arbitration Association (AAA).

Doc. No. 17-3 (emphasis added). Noticeably absent from the lengthy list of statutes included is the Fair Labor Standards Act. *Id*.

---

[1] Previously, Cadillac filed a Motion to Dismiss or Compel Arbitration and Stay Litigation of Plaintiff's Complaint. Doc. No. 8. On April 5, 2007, Chief Judge Fawsett held that Defendant should resubmit the argument in the context of a summary judgment motion or other appropriate motion. Doc. No. 15.

In the watershed employment-arbitration case of *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26-27 (1991) the United States Supreme Court held that an agreement to arbitrate in an employment-related agreement could be invoked to force the plaintiff to arbitrate his ADEA claims. The Supreme Court held, "By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial forum." The *Gilmer* holding has been applied in a variety of other employment law contexts. *See, e.g., Circuit City Stores, Inc. v. Adams,* 532 U.S. 105 (2001); *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1314 (11th Cir. 2002) (collecting cases).

Federal policy favors bargained for arbitration over litigation and requires that arbitration clauses be construed broadly and that all doubts be resolved in favor of arbitration. *Seaboard Coast Line R. Co. v. Trailer Train Co.,* 690 F.2d 1343, 1348 (11th Cir. 1982). The validity of an arbitration agreement is generally governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (the "FAA"), which was enacted in 1925 to reverse the longstanding judicial hostility toward arbitration. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626-27 (1985)). The FAA "embodies a 'liberal federal policy favoring arbitration agreements.'" *Caley*, 428 F.3d at 1367 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). The purpose of the FAA was "to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that is speedier and less costly than litigation." *Caley*, 428 F.3d at 1367 (citing *Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1440 (11th Cir.1998)).

The United States Supreme Court has clarified that the FAA generally applies to contracts of employment except those involving "transportation workers." *Caley*, 428 F.3d at 1367 (citing *Circuit

*City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001)).  Further, "courts have consistently found that claims arising under federal statutes may be the subject of arbitration agreements and are enforceable under the FAA."  *Caley*, 428 F.3d at 1367 (citing *Circuit City*, 532 U.S. at 123; *Gilmer*, 500 U.S. at 26); and *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 700 (11th Cir. 1992)). As the Eleventh Circuit has observed, "compulsory arbitration agreements are now common in the workplace, and it is not an unlawful employment practice for an employer to require an employee to arbitrate, rather than litigate, rights under various federal statutes, including employment-discrimination statutes." *Caley*,  428 F.3d at 1367.

Although neither side cites Eleventh Circuit case law speaking directly to the arbitrability of FLSA claims standing alone, Cadillac cites cases from other courts which have held that FLSA claims may be the subject of binding arbitration agreements after specifically considering the remedial scheme of the FLSA.  *See  Adkins v. Labor Ready, Inc.,* 303 F.3d 496, 506 (4th Cir. 2002) (holding no inherent conflict between the FAA and the FLSA in light of Supreme Court's *Gilmer* decision and affirming arbitrability of FLSA claims); *see also Carter v. Countrywide Credit Indus.*, 362 F.3d 294, 298 (5th Cir. 2004) (holding FLSA claims were subject to arbitration); *Poteat v. Rich Prods. Corp.*, 91 Fed. Appx. 832, *2-3 (4th Cir. 2004) (holding that because arbitration provision was valid, FLSA claims were subject to arbitration); *Bailey v. Ameriquest Mort. Co.*, 346 F.3d 821, 823 (8th Cir. 2003) ("arbitrators are perfectly capable of protecting statutory rights"); *Horenstein v. Mortgage Mkt., Inc.*, 9 Fed. Appx. 618, 619 (9th Cir. 2001) (holding FLSA claims subject to arbitration); *Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 313 (6th Cir. 2000) (finding FLSA claims arbitrable, but agreement lacking in consideration).

Plaintiff contends that pre-*Gilmer* precedent from the Supreme Court and the Eleventh Circuit indicate an aversion to having FLSA rights "abridged by contract or otherwise waived" as being inconsistent with the purpose of the FLSA and the legislative underpinnings. *See Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981). However, there is no *per se* bar against compelling arbitration of FLSA claims in the Eleventh Circuit. Two Eleventh Circuit cases, without addressing directly whether arbitration conflicts with the FLSA's purposes, nevertheless affirmed district courts' decisions to refer FLSA claims to arbitration.

In *Caley v. Gulfstream Aerospace Corporation*, 428 F.3d 1359 (11th Cir. 2005), the Eleventh Circuit affirmed the district court's grant of an employer's motion to compel arbitration when a group of employees brought class claims against corporate employer under the FLSA, ADEA, Title VII, and ERISA. *Id*. at 1366. The district judge had ordered all of the claims to arbitration on the employer's motion, after first holding that "[m]andatory arbitration of the specific claims brought by plaintiffs does not offend federal policy under the FAA," including FLSA claims and citing a leading Fourth Circuit case, *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 506 (4th Cir. 2002), which analyzed the issue as to the FLSA in depth. *Caley v. Gulfstream Aerospace Corp.*, 333 F. Supp. 2d 1367, 1379 (N.D. Ga. 2004), *aff'd*, 428 F.3d 1359 (11thCir. 2005). On appeal from the district court, the Eleventh Circuit did not address specifically the arbitrability of FLSA claims in particular, but focused on the enforceability of the arbitration agreement as to all the claims at issue, finding all of the claims to be arbitrable. *Caley*, 428 F.3d at 1367-69.

Cadillac also cites the case of *Montes v. Shearson Lehman Bros.*, in which the Eleventh Circuit rejected the plaintiff's "claim that the district court improperly referred the FLSA case to arbitration" and affirmed the district court's decision to compel arbitration of the plaintiff's FLSA claim. 128 F.3d

-5-

1456, 1458 (11th Cir. 1997) (citing *Gilmer*, 500 U.S. at 26). However, the Eleventh Circuit reasserted its prior holding that "[a] court may not order arbitration unless and until it is satisfied that a valid arbitration agreement exists." *Id.* (holding arbitration agreement enforceable) (citing *Benoay v. Prudential-Bache Sec., Inc.,* 805 F.2d 1437, 1440 (11th Cir. 1986)). "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Multi-Financial Sec. Corp. v. King,* 386 F.3d 1364, 1367 (11th Cir. 2004) (citing *AT&T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 648 (1986)).

The language of the Arbitration Agreement in this case is limited to "resolv[ing] all disputes, which may arise out of the employment context. . . including, but not limited to, *any claims of discrimination and harassment* . . . including, but not limited to, claims under *Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act, Age Discrimination in Employment Act, Pregnancy Discrimination Act, Family and Medical Leave Act, Employee Retirement Income Security Act)* which would otherwise require or allow resort to any court. . . shall be submitted to and determined exclusively by binding arbitration." Doc. No. 17-3 (emphasis added). The Court notes that Cadillac conspicuously omitted the language italicized above, which limits arbitrable claims to those concerning discrimination and harassment, and lists (although not exhaustively) the major discrimination statutes that existed at the time the Arbitration Agreement was signed in 2004.

Another judge of this court, faced with similarly limiting "discrimination and harassment" language in an employee arbitration agreement, held that the arbitration agreement/policy did not "specifically mention pre-termination wage-related claims that would fall under the FLSA" and the FLSA claim at issue would not "fall within the [agreement/policy's] generalized intent to include

discrimination or harassment claims." *Patricoff v. Home Team Pest Defense*, *LLC,* Civ. No. 6:05cv1769-Orl-31KRS, 2006 WL 890094, *1 (M.D. Fla. 2006) (Presnell, J.).

In *Patricoff*, the plaintiffs signed an agreement to abide by Defendant's ADR policy to resolve employment-related disputes through arbitration, which contemplated resolution of "work-related discrimination and harassment claims," including termination-related "retaliation or constructive discharge claims" as well as "employment-related tort claims." *Id.* The arbitration policy listed as examples two federal statutes, the Family and Medical Leave Act and Americans with Disabilities Act. *Id*. Because of the limiting language which did not include FLSA claims, the district judge held that Plaintiff's FLSA claim was outside the scope of the arbitration policy and, thus, was not subject to compulsory arbitration. *Id*. *Cf. Francisque v. Nanak's Landscaping, Inc.*, Case No. 05-80160-Civ, 2005 WL 5419062, *2 (S.D. Fla. 2005) (compelling arbitration of FLSA claims where agreement stated parties consented to "resolution by binding arbitration of *all claims or controversies* for which a Federal or State court would be authorized to grant relief"); *Bolamos v. Globe Airport Security Services, Inc.,* Case No. 02-21005-Civ, 2002 WL 1839210, *2 (S.D. Fla. 2002) (compelling arbitration of FLSA claims where arbitration agreement covered "all matters directly or indirectly related to your recruitment, hire, employment or termination of employment by the Company"), *aff'd*, 64 Fed. Appx. 743 (11thCir. 2003).

Similarly, the language of Cadillac's Arbitration Agreement in this case is qualified and limited to disputes, arising out of the employment context, specifically, "claims of discrimination and harassment" that fall under the major discrimination statutes currently in existence. The language "including, but not limited to" does not expand the scope of the Arbitration Agreement to make it boundless, but rather includes discrimination claims brought under statutes not specifically mentioned

but clearly of a similar discrimination-based nature, such as claims for race discrimination brought pursuant to 42 U.S.C. § 1981. *See Alexander v. Vesta Ins. Group Inc.*, 147 F. Supp.2d 1223, 1232 n.12 (N.D. Ala. 2001) (recognizing that "Title VII and Section 1981 now both prohibit race discrimination in employment and operate under the same substantive standards").

Particularly in light of the 1982 Eleventh Circuit case of *Lynn's Food Stores, Inc. v. Department of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982), stressing that employees' rights under the FLSA should only be compromised under supervision of the Department of Labor or the court, FLSA claims and settlements require greater oversight than other types of employment claims. Plaintiff contends that the "existence of this oversight role is what distinguishes FLSA claims from other employment claims that are subject to arbitration." If an FLSA settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims brought directly by employees against their employer is for the district court to enter a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946). It is not appropriate to compel arbitration of an FLSA claim which is not within the scope of the Arbitration Agreement and which the Court is expected, under Eleventh Circuit precedent, to exercise greater oversight for settlements than ordinary employment discrimination claims.

It is respectfully **RECOMMENDED** that the Defendant's Motion to Dismiss Or, in the Alternative, for Summary Judgment, or in the Alternative, to Compel Arbitration and Stay Litigation of Plaintiff's Complaint (Doc. No. 16) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 2, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy