UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CECIL W. SAMMONS,

     Plaintiff,

-vs-             Case No.  6:07-cv-277-Orl-19DAB

SONIC-NORTH CADILLAC, INC.,
d/b/a Massey Cadillac,

     Defendant.
_____

# ORDER

This case comes before the Court on the following:

1. Motion of Defendant Sonic-Sanford Cadillac, Inc. to Dismiss or, in the Alternative, for Summary Judgment or, in the Alternative, to Compel Arbitration and Stay Litigation of Plaintiff's Complaint and Memorandum in Support (Doc. No. 16, filed Apr. 19, 2007);

2. Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, to Compel Arbitration and Stay Litigation (Doc. No. 19, filed May 5, 2007);

3. Report and Recommendation of the United States Magistrate Judge (Doc. No. 25, filed July 2, 2007);

4. Objections of Defendant Sonic-Sanford Cadillac, Inc. to Report and Recommendation of July 2, 2007 (Doc. No. 26, filed July 11, 2007); and

5. Plaintiff's Response to Defendant's Objections to Report and Recommendation of July 2, 2007 (Doc. No. 27, filed July 19, 2007).

**Background**

Plaintiff, a former employee of Defendant, allegedly worked more than forty hours a week without receiving the overtime compensation required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et seq.*   (Doc. No. 1, 16).  Plaintiff filed a Complaint to recover his unpaid wages as liquidated damages and associated fees and costs.  (Doc. No. 1 at ¶ 24, p. 4).

Defendant moved to dismiss or stay the case, alleging that Plaintiff's claim was subject to arbitration.  (Doc. No. 8).  On April 5, 2007, the Court issued an Order denying Defendant's Motion to Dismiss or to Compel Arbitration because it required the Court to consider matters outside the scope of the pleadings.  (Doc. No. 15).  The Court reasoned that:

> it would be inappropriate to convert Defendant's Motion into one for summary judgment in order to consider the arbitration agreement at this time. If Defendant wishes the Court to consider its argument for compulsory arbitration, it should submit the argument in the context of a summary judgment motion or other appropriate motion.

(*Id.* at p. 5).  Defendant then submitted the Motion to Dismiss or Alternative Motion to for Summary Judgment or Alternative Motion to Compel Arbitration and Stay Litigation that forms the basis of the underlying Report and Recommendation. (Doc. No. 16).

In its Motion for Summary Judgment Defendant argued that the Court was required to stay or dismiss the case because Plaintiff entered into a valid binding, enforceable agreement to arbitrate all claims against Defendant related to his employment.  (Doc. No. 16).  In support of its argument, Defendant submitted two arbitration agreements signed by Plaintiff as a condition of his

employment.[1] (Doc. No. 17, ¶ 2; Doc. No. 17-2; Doc. No. 17-3).  The Arbitration Agreement provides in pertinent part:

> I acknowledge that the Company utilizes a system of alternative dispute resolution, which involves binding arbitration to resolve all disputes, which may arise out of the employment context. . . . I agree that any claim, dispute, and/or controversy (including, but not limited to, any claims of discrimination and harassment, whether they be based on any applicable state, federal or local laws or regulations, including, but not limited to, claims under Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act, Age Discrimination in Employment Act, Pregnancy Discrimination Act, Family and Medical Leave Act, Employee Retirement Income Security Act) which would otherwise require or allow resort to any court or other governmental dispute resolution forum between myself and the Company (or its owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans) arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with the Company, whether based on tort, contract, statutory, or equitable law, or otherwise, . . . shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures published by the American Arbitration Association (AAA).

(Doc. No. 17-2).  Defendant alleges that FLSA claims are included within the scope of the Arbitration Agreement although they are not specifically referenced in the agreement itself.  (Doc. No. 16, p. 1, ¶ 2).  Plaintiff opposed Defendant's Motion, alleging that: (1) Defendant failed to meet its burden of proving "the existence of a clear, unambiguous and binding waiver of [Plaintiff's] . . . right to file an FLSA lawsuit"; and (2) that enforcing the agreement and requiring that Plaintiff's FLSA claim be resolved by arbitration is contrary to the "purpose of the statute and its inherent

---

[1]     The two arbitration agreements are substantially similar.  (*Compare* Doc. No. 17-2 *with* Doc. No. 17-3).  The first agreement was signed by Plaintiff in 2002 and the second in 2004. (Doc. No. 17-2; Doc. No. 17-3).  The Court will refer to the two agreements together as Arbitration Agreement and quote to the language of the first agreement (Doc. No. 17-2) for the purpose of this Order.

protections, as established by U.S. Supreme Court and Eleventh Circuit precedent."[2] (Doc. No. 19, pp. 1-2).

The Magistrate Judge recommended that Defendant's Motion be denied because Defendant failed to meet its burden of proving the FLSA claim was within the scope of the Arbitration Agreement. (Doc. No. 25, p. 8). In reaching his decision, the Magistrate Judge engaged in a lengthy discussion of the Federal Arbitration Act ("FAA"), 9 U.S.C. Section 1 *et seq.* and its applicability to FLSA claims. (Doc. No. 25, pp. 3-6). The Magistrate Judge reasoned that although "there is no *per se* bar against compelling arbitration of FLSA claims in the Eleventh Circuit," the Court may not require a Plaintiff to submit to compelled arbitration until it is satisfied that a valid arbitration agreement exists. (*Id.* at pp. 5-6). In reasoning that FLSA claims were not within the scope of the Arbitration Agreement, the Magistrate Judge cited *Lynn's Food Stores, Inc. v. Department of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982) and noted that it required the Court to "exercise greater oversight for settlements than ordinary employment discrimination claims." (Doc. No. 25, p. 8).

Defendant objected to the Magistrate Judge's findings and argues that: (1) the Magistrate Judge erroneously found that the Arbitration Agreement did not cover FLSA claims; and (2) any finding that *Lynn's Food Stores* precludes arbitration of FLSA claims is erroneous. (Doc. No. 26). Plaintiff responded to Defendant's objection and contends that: (1) the Arbitration Agreement does

---

[2]     Plaintiff does not challenge the validity of the Arbitration Agreement. (*See* Doc. Nos. 19, 27). Therefore, Plaintiff has waived this argument, and the Court will presume that the Agreement is valid. *See Lekas v. Briley,* 405 F.3d 602, 614-15 (7th Cir. 2005) (plaintiff's failure to raise a legal argument on a theory in response to the defendant's motion to dismiss for failure to state a claim operated as a waiver of that argument). *Cf., e.g., Spann v. Cobb County Pretrial Court Servs. Agency,* 206 Fed. Appx. 910, 910 n. 1 (11th Cir. 2006) (arguments not raised in initial appellate brief are waived).

not cover FLSA claims; and (2) that the Magistrate Judge never found that FLSA claims are not subject to compelled arbitration.  (Doc. No. 27).

## Standard of Review

A party seeking to challenge the findings in a Report and Recommendation of the United States Magistrate Judge must file "written objections which specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 783 (11th Cir. 2006) (*quoting Heath v. Jones,* 863 F.2d 815, 822 (11th Cir. 1989)).  If a party makes a proper objection, the District Court must conduct a *de novo* review of the portions of the report to which objection is made.  *Id.* at 783-84.  The District Court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  *Id.* at 784.  When conducting its *de novo* review, "the district court's consideration of the factual issues [must] be independent and based upon the record before the court."  *Id.*  (*quoting LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988)).  If the Magistrate Judge's findings of fact are based on testimony of witnesses, the District Court must review the tape or transcript.  *Id.*  All legal conclusions of the Magistrate Judge are also reviewed *de novo.  Cooper-Houston v. Southern Ry. Co.,* 37 F.3d 603, 604 (11th Cir. 1994).

## Analysis

### I.    The Arbitration Agreement Covers FLSA Claims.

The FAA requires courts to "enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms."  *Goldberg v. Bear, Stearns & Co.*, 912 F.2d 1418, 1420 (11th Cir. 1990).   There is a strong federal policy in favor of arbitration, and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Mitsubishi*

*Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625-26 (1985).  However, "courts [should] not [] twist the language of the contract to achieve a result which is favored by the federal policy but contrary to the intent of the parties."  *Goldberg*, 912 F.2d at 1419-20.

The Arbitration Agreement uses broad, general, inclusive language in order to ensure that the parties submit "all disputes which may arise out of the employment context" and "any claim, dispute, and/or controversy . . . related to . . . [my] employment" to binding arbitration.  (Doc. No. 17-2).  Although the language of the Arbitration Agreement does not specifically reference the FLSA, "[a] party cannot avoid arbitration, however, because the arbitration clause uses general, inclusive language, rather than listing every possible specific claim."  *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1221 (11th Cir. 2000).   Because of the FAA's presumption in favor of arbitratibility, it is the better practice for parties to "'clearly express their intent to exclude categories of claims from their arbitration agreement.'"  *Id.* (quoting *Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054, 1057 (11th Cir. 1998).

Eleventh Circuit precedent indicates that the Arbitration Agreement should be interpreted to cover FLSA claims.  *E.g., id.* (interpreting an agreement by the parties to arbitrate "any dispute between them or claim by either against the other" as covering all statutory claims including plaintiff's Title VII claim); *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 700, 700 n. 1 (11th Cir. 1992) (construing an agreement to "arbitrate any dispute, claim or controversy that may arise between me and my firm" to cover Title VII claims); *Bolamos v. Globe Airport Sec. Servs., Inc.,* 2002 WL 1839210 (S.D. Fla. May 21, 2002) (compelling arbitration of FLSA claim where arbitration agreement provided for arbitration of "all matters directly or indirectly related to your . . . employment), *aff'd,* 64 Fed. Appx. 743 (11th Cir. 2003).  In reasoning that the language of the

Agreement at issue did not cover FLSA claims, the Magistrate Judge primarily relied on *Patricoff v. Home Team Pest Defense, LLC,* 2006 WL 890094 (M.D. Fla. Apr. 3, 2006).  (Doc. No. 25, pp. 6-7).  However, the language of the policy at issue in *Patricoff* is distinguishable from the language of the contract in the instant case.  *Compare*  (Doc. No. 17-2) *with Patricoff,* 2006 WL 890094, * 1 n. 3.  The agreement in *Patricoff* is expressly limited to: (1) "work-related discrimination and harassment claims;" (2) "[d]isputes which are directly related to, or arise out of the termination of the employment;" and (3) "employment-related tort claims."  *Patricoff*, 2006 WL 890094, * 1 n. 3. In fact, the *Patricoff* court expressly noted that the agreement evinced a "general intent to include discrimination and harassment claims" but never referred to "pre-termination wage related claims," such as those under the FLSA.  *Id.* at *1.

Although the language of the Agreement in the instant case specifically includes discrimination and harassment claims, it also states that it is "not limited" to those claims mentioned. (Doc. No. 17-2).  Moreover, the language of the Agreement expressly refers to "any claim . . . [and] all disputes . . . having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with the Company."  (*Id.*)

Based on the foregoing, the Court finds that the Arbitration Agreement clearly covers Plaintiff's FLSA claims.

## II.    Arbitration of FLSA Claims is Not Precluded

Plaintiff's argument that arbitration of a claim under the FLSA  is contrary to established case precedent is not well taken.  The Eleventh Circuit has implicitly approved arbitration of FLSA claims.  *See e.g., Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359 (11th Cir. 2005);  *Montes v. Shearson Lehmon Bros., Inc.*, 128 F.3d 1456, 1458 (11th Cir. 1997); *Bolamos v. Globe Airport*

*Sec. Servs., Inc.,* 2002 WL 1839210 (S.D. Fla. May 21, 2002), *aff'd,* 64 Fed. Appx. 743 (11th Cir.

2003).   In *Montes,* the plaintiff sued her employer for overtime compensation under the FLSA.

*Montes*, 128 F.3d at 1458.   The district court issued an order compelling plaintiff to arbitrate her

claims.   *Id.*   After an unfavorable decision in arbitration, plaintiff appealed, alleging that the district

court improperly referred the claim to arbitration.   *Id.*   The Eleventh Circuit, reviewing the decision

*de novo*, held that a valid arbitration agreement existed and thus the district court did not err in

submitting the case to an arbitration panel.   *Id.*   Moreover, other circuits have held that FLSA claims

are subject to arbitration on the basis of "individually executed pre-dispute arbitration agreements."

*E.g., Carter v. Countrywide Credit Industries, Inc.,* 362 F.3d 294, 297-98 (5th Cir. 2004);   *Adkins*

*v. Labor Ready, Inc.,* 303 F.3d 496, 506 (4th Cir.2002) (reasoning that structure and purpose of

FLSA and FAA are not inconsistent and holding that "FLSA claims may properly be resolved in

mandatory arbitration proceedings"); *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319-20 (9th

Cir.1996) (finding no evidence that Congress intended to prohibit arbitration of FLSA claims).

Next, Plaintiff's argument that compelled arbitration of FLSA claims is contrary to the policy

of the statute is premature.   Under the FLSA, an employee's back wage claim can only be

compromised or settled when it is either: (1) supervised by the Secretary of Labor pursuant to 29

U.S.C. Section 216(c); or (2) approved by the district court after the plaintiff brings a private right

of action under 29 U.S.C. Section 216(b).   *Lynn's Food Stores, Inc. v. Department of Labor*, 679

F.2d 1350, 1353 (11th Cir. 1982).   Parties seeking to compromise an FLSA claim with the

supervision of the district court must present the proposed settlement to the district court to accept

or reject after scrutinizing it for fairness.   *Id.*

In the instant case, there is no settlement.  Moreover, even if a settlement were reached through arbitration, not all settlements violate the supervision requirements.[3]  For instance, no supervision is required when a plaintiff is offered full compensation on his FLSA claim because there is no compromise involved.  *Mackenzie v. Kindred Hosp. E., LLC,* 276 F. Supp.2d 1211, 1217 (M.D. Fla. 2003).  Plaintiff's Response to Defendant's Motion even concedes the fact that his policy argument is premature until the time settlement is reached by stating:

> the issue of unsupervised waivers is likely to arise again in the context of settlement negotiations. While settlement is not a foregone conclusion, it is a common outcome in FLSA cases. However, any settlement reached during the arbitration process would be unenforceable under <u>Lynn's Foods</u>, as it would lack Court or DOL supervision.  Thus, compelled arbitration could have an unintended side effect of discouraging the parties from reaching a settlement, as doing so would either (1) produce a non-binding agreement or (2) require the parties to return to this public forum (contrary to the employer's desire for a private and confidential disposition of this matter).

(Doc. No. 19, pp. 4-5).

Plaintiff has not challenged the validity of the Arbitration Agreement as allowed by the FAA.  *See* 9 U.S.C. § 2 (providing a basis to challenge an arbitration agreement on "grounds as exist at law or in equity for the revocation of any contract.").  The Arbitration Agreement clearly evinces an intention to cover FLSA claims.  There is no per se bar to compelling arbitration and no guarantee that the result of the arbitration proceeding would be unenforceable.  Therefore, the Court finds that

---

[3]     The Court notes that the language of *Lynn's Foods* does not explicitly foreclose the ability to compromise FLSA claims through arbitration. *See Lynn's Food Stores, Inc. v. Department of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982).  The case merely reasons that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context[,] . . . as [t]he employees are likely to be represented by an attorney who can protect their interests. *Id.*

it is premature at this time to address Plaintiff's argument that arbitration of his claim is contrary to the policy of the FLSA.[4]

**III.     The Case Should be Stayed and the Parties Ordered to Submit to Arbitration**.

Section 3 of the FAA provides:

[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  The purpose of the FAA is "to facilitate and expedite arbitration to accord with the parties' intentions and to ease court congestion." *Portland Constr. Co. v. Weiss Pollution Control Corp.*, 532 F.2d 1009, 1013 (5th Cir. 1976).[5]  If a valid arbitration provision in a contract exists, a court should refer all claims within the scope of such agreement to arbitration. *See, e.g., Hill v. Rent-A-Center, Inc.,* 398 F.3d 1286, 1287-88 (11th Cir. 2005); *Miller v. Aaacon Auto Transp.,* 545 F.2d 1019, 1020-21 (5th Cir. 1977).  Therefore, the Court stays the instant case and orders the parties to submit Plaintiff's FLSA claim to arbitration in accordance with the Arbitration Agreement.

Conclusion

Based on the foregoing, the Court **DECLINES TO ADOPT** the Report and Recommendation of the United States Magistrate Judge (Doc. No. 25) and **GRANTS** Defendant's

---

[4]      Plaintiff is free to challenge the validity of arbitration award once such award is made.  9 U.S.C. § 10.

[5]      In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted the decisions of the United States Court of Appeals for the Fifth Circuit that were handed down prior to October 1, 1981 as binding precedent.

Motion to Compel Arbitration and Stay Litigation (Doc. No. 16).  The Court **STAYS** the instant case and **ORDERS** the parties to submit Plaintiff's claim to arbitration pursuant to the Arbitration Agreement.

      **DONE** and **ORDERED** in Chambers in Orlando, Florida on August 7, 2007.

```
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT
```

Copies furnished to:

Counsel of Record