**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CECIL W. SAMMONS,**

        **Plaintiff,**

**-vs-**                            **Case No. 6:07-cv-277-Orl-19DAB**

**SONIC-NORTH CADILLAC, INC., d/b/a**
**Massey Cadillac,**

        **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:** **UNOPPOSED MOTION TO LIFT STAY AND ENTER DISMISSAL (Doc. No. 32)**
>
> **FILED:** October 30, 2007
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral[1] by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under

---

[1] *See* Doc. No. 34.

section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on November 14, 2007 with counsel for both parties attending by phone.

Plaintiff Cecil W. Sammons, employed in a position involving various maintenance and security functions at the automobile dealership of Defendant Sonic-North Cadillac, Inc. d/b/a Massey Cadillac, Inc. ("Cadillac"), filed a Complaint asserting claims for unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201. Doc. No. 1. Defendant filed a motion to compel arbitration (Doc. No. 16), which Judge Fawsett granted on August 7, 2007. Doc. No. 30.

In lieu of arbitration, the parties mediated Plaintiff's claims, and the case settled. *See* Doc. No. 31. The settlement to Plaintiff of $12,000 in unpaid overtime and liquidated damages (minus costs) represents approximately all of the disputed principal amount Plaintiff sought once review of the

actual overtime records was accomplished. *See* Doc. No. 35-3 (Defendant's records showing overtime due of approximately $6,500).

The parties have agreed that Defendant will pay Plaintiff's attorneys $10,000 for attorney's fees. Plaintiff's counsel litigated the case on behalf of Plaintiff from February 2007 to October 2007. Plaintiff's counsel stated at the hearing that the hours incurred included motions practice on the Motion to Compel Arbitration, and he had accrued total fees of more than $10,000, which he agreed to reduce at arbitration in the interest of settling the case. The amount of fees for the litigation is not unreasonable under the circumstances of this case.

Settlement in the amount of $12,000 to Plaintiff for unpaid overtime and liquidated damages, and $10,000 for attorney's fees is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 14, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy